**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **CORY BRADLEY,** an Oregon consumer, individually and on behalf of all others, | Case No. 3:17-cv-1291 |
| Plaintiff, | **CLASS ACTION ALLEGATION COMPLAINT** |
| v. | Unlawful Trade Practices<br>Unjust Enrichment |
| **ENERGY EVENTS LLC**, | 28 U.S.C. § 1332 |
| Defendant. | Demand for Jury Trial |



**COMPLAINT** – Page 1 of 12

1.

## THE PARTIES IN THIS CASE

Defendant Energy Events LLC is Washington limited liability company. In the regular course of its business, defendant advertised its Vancouver USA Marathon to Oregon consumers and collected registration fees from Oregon consumers.

2.

Plaintiff Cory Bradley is an individual Oregon consumer residing in the Portland, Oregon metro area. On July 31, 2017, defendant advertised its Vancouver USA Marathon to plaintiff and collected $183.24 in registration fees from plaintiff and his wife.

3.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $5 million. Venue is proper under 28 U.S.C. § 1391 because the bulk of defendant's advertising and fee collection in Oregon took place in the Portland metro area. This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

4.

## FACTUAL ALLEGATIONS

On July 31, 2017, defendant advertised its 2017 Vancouver USA Marathon to plaintiff and his wife via the Internet. Defendant represented to plaintiff and his wife (and all Oregon consumers that viewed defendant's advertising materials) that by paying its registration fee, they could attend the Vancouver USA Marathon on September 17, 2017. Defendant encouraged registrants to train hard for its marathon and said it was sure to be awesome.

5.

Then on August 18, 2017, defendant announced that it was canceling its marathon. Defendant admitted that it made the decision to cancel its marathon after "careful consideration for several weeks and reviewing the finances–". Defendant said it would not issue full refunds to Oregon consumers because it already spent the incoming registration fees for marketing, deposits and operational overhead.

6.

Defendant's marathon advertisements to Oregon consumers like plaintiff were intentionally misleading. Defendant falsely represented that by paying its registration fee, consumers could attend its 2017 Vancouver USA Marathon. Defendant intentionally failed to disclose that a course mistake in 2016 had damaged its credibility, resulting in

**COMPLAINT** – Page 3 of 12

low pre-registration. Defendant also intentionally failed to disclose that, similar to a Ponzi-scheme, its marathon was materially under-funded, and that defendant was essentially robbing Peter to pay Paul with incoming registration fees. Defendant's behavior as alleged in this complaint was reported by *The Columbian* newspaper on August 18, 2017. The newspaper has already received multiple complaints from consumers like plaintiff who feel ripped off and lied to.



7.

At the time defendant advertised its marathon to plaintiff and the Oregon class, defendant knew or should have known it would be unable to provide its marathon services as advertised. Oregon consumers like plaintiff relied on defendant's advertisements and

**COMPLAINT** – Page 4 of 12

representations in making their choice to pay defendant's registration fees. No consumer would have paid defendant's registration fee had defendant not made false representations and failed to disclose material information about its marathon as alleged in this complaint.

8.

## CLASS ALLEGATIONS

The Oregon class consists of Oregon consumers who:

**a)** viewed defendant's Vancouver USA Marathon advertisements on the Internet or on written materials, and

**b)** after August 19, 2016, paid and was not refunded registration fees for defendant's 2017 Vancouver USA Marathon.

9.

Excluded from the class are all attorneys for the class, officers and members of defendant, including officers and members of any entity with an ownership interest in defendant, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

10.

The exact number of aggrieved consumers in Oregon can be determined based on defendant's registration records and data.

11.

Every aggrieved Oregon consumer who defendant collected registration fees from under false pretenses as alleged in this complaint suffered an actual ascertainable loss of the amount of the fee paid and not refunded. But for defendant's false representations that the event was to occur, its failure to disclose that it was using the registration fees to fund its advertising, promotion and other costs and that the event would be cancelled if it did not meet certain registration numbers, and in such a case they would not be entitled to a full refund of their registration fees, plaintiff and the members of the putative class would not have paid defendant any registration fees.

12.

Defendant's behavior as alleged in this complaint willfully violated the Oregon Unlawful Trade Practices Act ("UTPA"), including ORS 646.608(1)(e), (g), (i), and (q). This UTPA violation is common to the Oregon class.

13.

The class is so numerous that joinder is impracticable. Upon information and belief, the Oregon class includes hundreds of members, based on defendant's representation that its marathon typically has over 3,000 participants and that pre-registration for the 2017 marathon was about 65% less than that number.

14.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether plaintiff and the Oregon class members are entitled to equitable relief, whether defendant acted willfully, recklessly, knowingly, or intentionally, whether plaintiff and the Oregon class members are entitled to recover actual damages or statutory damages or punitive damages from defendant, and whether plaintiff and the Oregon class are entitled to recover fees and costs for defendant's UTPA violation.

15.

Plaintiff's claims are typical of the claims of the Oregon class because each was misled by defendant's false representations and failures to disclose, the injuries suffered by plaintiff and the Oregon class members differ only in the amount of registration fees that were collected from them, and plaintiff's claim for relief is based upon the same legal theories as are the claims of the other class members. Plaintiff will fairly and adequately protect and represent the interests of the class because his claim is typical of the claims of the Oregon class, he is represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will

vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the Oregon class.

16.

A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiff knows, no class action that purports to include Oregon customers suffering the same injury has been commenced in Oregon, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiff and his attorneys will vigorously pursue the claims. The forum is desirable because the bulk of registration fees collected by defendant in Oregon were collected in the Portland metro area. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by defendant. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of defendant's registration records and data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

17.

## OREGON CLASS CLAIMS FOR RELIEF

– Claim 1 –

**VIOLATION OF ORS 646.608**

Defendant willfully, recklessly, knowingly and intentionally violated ORS 646.608 as alleged above, causing plaintiff and the Oregon class ascertainable losses.

18.

Plaintiff and the Oregon class are entitled to equitable relief in the form of an accounting, restitution, and unless agreed upon by defendant, an order to preserve all documents and information (and electronically stored information) including advertisements and representations pertaining to its marathon on the Internet and in written materials, and registration records and data pertaining to this case. Plaintiff and the Oregon class are entitled to recover actual damages or $200 statutory damages, whichever is greater, interest and fees and costs under ORS 646.638. Defendant's violation of the UTPA as alleged above was reckless, in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of the right of Oregon consumers to be free from unlawful trade practices. Plaintiff and the Oregon class are entitled to recover punitive damages under ORS 646.638.

19.

– **Claim 2** –

**UNJUST ENRICHMENT**

As a matter of justice and equity, defendant should not be able to retain the registration fees it collected from plaintiff and the Oregon class for event services that were never provided or received. Plaintiff and the Oregon class are entitled to restitution based on defendant's unjust enrichment as alleged in this complaint.

20.

Demand for jury trial.

## PRAYER FOR RELIEF

Plaintiff seeks relief for himself and the proposed Oregon class as follows:

A. Unless agreed upon by defendant, an order to preserve all documents and information (and electronically stored information) including advertising materials, registration records and data pertaining to this case,

B. An order certifying this matter as a class action,

C. Judgment against defendant for actual, statutory, and punitive damages, interest, and reimbursement of fees and costs,

D. And other relief the Court deems necessary.


August 19, 2017

                                           **RESPECTFULLY FILED,**

                                           s/ Michael Fuller
                                           **Michael Fuller, OSB No. 09357**
                                           Lead Attorney for Plaintiff
                                           Olsen Daines PC
                                           US Bancorp Tower
                                           111 SW 5th Ave., Suite 3150
                                           Portland, Oregon 97204
                                           michael@underdoglawyer.com
                                           Direct 503-201-4570


(additional counsel information on next page)


**COMPLAINT** – Page 11 of 12

| | |
|---|---|
| **Robert Le, OSB No. 094167** | **Kelly Jones, OSB No. 074217** |
| Trial Attorney for Plaintiff | Appellate Attorney for Plaintiff |
| The Law Office of Robert Le | The Law Office of Kelly Jones |
| rl@robertlelaw.com | kellydonovanjones@gmail.com |

**Rex Daines, OSB No. 952442**
Of Attorneys for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
rdaines@olsendaines.com
Phone 503-362-9393

# PROOF OF MAILING

Under ORS 646.638(2), I declare and certify that on the date below I caused a copy of this complaint to be mailed to the Oregon Attorney General at the following address:

**Ellen Rosenblum**
**Oregon Attorney General**
**Oregon Department of Justice**
**1162 Court Street NE**
**Salem, Oregon 97301-4096**

August 19, 2017

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiff
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**COMPLAINT** – Page 12 of 12